UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-80007-Dimitrouleas/McCabe

WALTER AUTO LOAN TRUST, et al.,

    Plaintiffs,

v.

ATLANTIC ACCEPTANCE CORP, et al.,

    Defendants.

_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on a referral from United States District Judge William P. Dimitrouleas to make a recommendation as to the amount of damages to be included in a final default judgment against Defendant Atlantic Acceptance Corp. ("Atlantic") (DE 72). For the reasons set forth below, the undersigned **RECOMMENDS** a damage amount of $5,160,562.68 in favor of the Walter Auto Loan Trust.

**I.    FINDINGS OF FACT**

The Court conducted an evidentiary hearing on this matter on November 30, 2023 and December 13, 2023 via Zoom video teleconference (DE 78, DE 87). The Court heard testimony by Chris Barry, Senior Vice President of Agora Data, Inc., and the Court admitted seven exhibits into evidence (DE 78, DE 86). The Court has also considered the record in this case, including a Verified Motion for Preliminary Injunction (DE 14), a Verified Motion for Default Judgment (DE 69), and an Assignment of Claims (DE 90). Atlantic, which has defaulted in this case, did not attend the hearing. Counsel for co-defendant Bruce Black attended the hearing on November 30, 2023 solely as an observer.

Based on the evidence adduced at the hearing, the Court makes the following findings of fact:

1. Atlantic was a Florida corporation formerly engaged in the automobile financing business.

2. Plaintiffs operate a collection of companies also engaged in the automobile financing business, and these companies served as a lender to Atlantic. The basic business model worked as follows: one or more of the Plaintiff entities would loan money to Atlantic, and Atlantic would use that money to purchase retail installment contracts or "RICs" from automobile dealers. Atlantic would then assign the RICs to one or more of the Plaintiff entities, which would then service the RICs going forward.

3. The relationship was governed by two contracts, referred to as Master Receivables Agreements or "MRAs." Plaintiffs admitted the first MRA, dated June 17, 2022, into evidence as Exhibit 1 at the hearing (DE 86-1). By way of Exhibit 1, Atlantic entered into a contract with the Walter Auto Loan Trust. The Trust Manager and beneficiary of the Walter Auto Loan Trust was AgoraTrade, LLC, the sole member and manager of which is Agora Data, Inc. (DE 14).

4. Plaintiffs admitted the second MRA, dated September 28, 2022, into evidence as Exhibit 2 at the hearing (DE 86-2). By way of Exhibit 2, Atlantic entered into a contract with the Walt, LLC. The sole member and manager of the Walt, LLC is AgoraTrade, LLC, the sole member and manager of which is Agora Data, Inc. (DE 14).

5. The District Judge has already granted Plaintiff's Verified Motion for Default Final Judgment, thereby establishing that Atlantic breached the MRAs, tortiously interfered with contractual relations, and committed violations of Florida's Deceptive and Unfair Trade Practices Act (DE 1, DE 72). The sole issue here is damages.

6. Plaintiff proved two components of damages at the hearing. The first component consisted of "out of trust titles." As Mr. Barry explained, this meant that Atlantic assigned RICs to Plaintiffs but never delivered the underlying titles of the vehicles in question, making it difficult to enforce liens when the need might arise. Under the relevant provisions of the MRAs, Atlantic agreed that, should it fail to deliver titles, Atlantic would pay damages to the relevant Plaintiff entity.

7. Plaintiffs introduced, as Exhibit 5 at the hearing, a spreadsheet showing the total damages for all "out of trust titles" of $2,528,427.60 (DE 86-5). The Court finds the spreadsheet and Mr. Barry's testimony on this point credible.

8. The second component of damages consisted of "buybacks." As Mr. Barry explained, this meant that Plaintiffs loaned money to Atlantic to purchase a given set of RICs from automobile dealers, but that Atlantic never used the money to purchase those RICs and instead used the money for other purposes. This, in turn, meant that Plaintiffs never received assignment of the RICs and had a total loss on their loans.

9. Plaintiffs introduced, as Exhibit 6 at the hearing, a spreadsheet showing the total "buyback" damages of $2,632,135.08 (DE 86-6). The Court finds the spreadsheet and Mr. Barry's testimony on this point credible.

10. The total combined damages amount to $5,160,562.68. The Court questioned Plaintiffs as to how these damages should be apportioned between the various Plaintiff entities. In response, Plaintiffs submitted an Assignment of Claims, advising that all Plaintiff entities have assigned their claims to the Walter Auto Loan Trust (DE 90). As such, the entirety of the damages should be apportioned to this single entity.

## II.   RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons set forth above, the undersigned **RECOMMENDS** that the District Judge enter its Final Default Judgment in the amount of $5,160,562.68 in favor of the Walter Auto Loan Trust.

The parties shall have ten (10) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the District Judge.[1] Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 18th day of December 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

---

[1] The undersigned has shortened the time for objections because the amount of damages owned by Atlantic is not disputed by the parties.