UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-80007-Dimitrouleas/McCabe

WALTER AUTO LOAN TRUST, et al.,

 Plaintiffs,

v.

ATLANTIC ACCEPTANCE CORP, et al.,

 Defendants.

_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on Walter Auto Loan Trust's Motion for Charging Order, which was referred to the undersigned by United States District Judge William P. Dimitrouleas.  (DE 122, DE 123).  For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **GRANTED.**

**I. BACKGROUND**

On February 12, 2024, the District Judge entered a Consent Final Judgment against Defendants Ryan Rochefort and Bruce Black in the amount of $5,160,562.68 ("Final Judgment").  (DE 110).  Thereafter, on August 7, 2024, the District Judge stayed the case as to Mr. Black pursuant to the suggestion of bankruptcy.  (DE 120).

On August 22, 2024, Walter Auto Loan Trust filed the instant Motion, representing that the Final Judgment remains entirely unsatisfied.  (DE 122 at 1).  The Motion requests a charging order, pursuant to Fla. Stat. § 605.0503, against Mr. Rochefort's membership interest in the following LLCs: Propertytours.tech LLC, BNB Landlord LLC, Beach Lighthouse LLC, and

RNTLIQ L.L.C (together, "the LLCs"). (DE 122 at 1). The Motion represents that Mr. Rochefort is a member of all four of these LLCs, each of which is an active company with assets potentially subject to execution to satisfy the Final Judgment. (DE 122 at 1). In support, Walter Auto Loan Trust has attached the LLCs' records filed with the Florida Department of State's Division of Corporations ("Sunbiz"). (DE 122 at 5-9). Mr. Rochefort did not respond to the Motion, and the time to do so has passed. (DE 136).

## II.     DISCUSSION

Under Federal Rule of Civil Procedure 69(a)(1), a money judgment is enforced by a writ of execution unless the court orders otherwise. The procedures on execution must accord with the law of the state where the court is located. *See* Fed. R. Civ. P. 69(a)(1). Under Florida's Revised Limited Liability Company Act, "[o]n application to a court of competent jurisdiction by a judgment creditor of a member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest." *See* Fla. Stat. § 605.0503(1). This remedy "constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor." *See* Fla. Stat. § 605.0503(1). A charging order is the sole and exclusive remedy by which a judgment creditor of a member may satisfy a judgment from the judgment debtor's interest in an LLC. *See* Fla. Stat. § 605.0503(3).

The Sunbiz records list Mr. Rochefort as a title manager of Propertytours.tech LLC, BNB Landlord LLC and RNTLIQ L.L.C, and as an authorized member of Beach Lighthouse LLC. (DE 122 at 5-9). Given the unsatisfied Final Judgment and Mr. Rochefort's interest in the LLCs, a charging order should be entered. *See Comerica Bank v. Everglades Dressage, LLC*, No. 20-CIV-

81360, 2023 WL 3871811, at *3 (S.D. Fla. May 24, 2023), *R. & R. adopted*, 2023 WL 3868233 (S.D. Fla. June 7, 2023) (granting motion for a charging order that was supported by corporate registration documents from Sunbiz); *Living Tree Labs., LLC v. United Healthcare Services, Inc.*, No. 16-CV-24680, 2022 WL 17330953, at *1 (S.D. Fla. Nov. 11, 2022), *R. & R. adopted*, 2022 WL 17324588 (S.D. Fla. Nov. 29, 2022) (same)

### III.     RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** as follows:

1.     The Motion should be **GRANTED**, and a charging order should be issued as to Mr. Rochefort's interest in the above-stated LLCs pursuant to Fla. Stat. § 605.0503.

2.     Any and all distributions, transfers, amounts owed and/or payable to Mr. Rochefort by or on behalf of the above-stated LLCs shall be paid to Walter Auto Loan Trust c/o its counsel in this action, Tony Andre, Andre Law Firm P.A., 1125 N.E. 125th St., Ste. 113, North Miami, FL 33161.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 26th day of September 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE